## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIEL JENNINGS,
     Petitioner,

v.                  Case No: Docket No.:  07-3852

RONNIE R. HOLT, Warden;
Alberto Gonzalez, U.S. Attorney
General, et. al.
     Respondent.
_____/

## MEMORANDUMOF LAW IN SUPPORT OF MOTION FOR HABEAS CORPUS RELIEF PURSUANT TO TITLE 28 U.S.C. § 2241 TO CORRECT UNCONSTITUTIONAL JUDGMENT

Comes Now Petitioner, GABRIEL JENNINGS, (hereinafter Mr. JENNINGS) and files this Title 28 U.S.C. § 2241 alleging the unconstitutionality of the judgment entered in his case in light of the Supreme Court decision in *Dewey Jones v. United States,* 120 S. Ct. 1904 (2000).

In further support of the same Mr. JENNINGS provides as follows:

## I. INTRODUCTION

Mr. JENNINGS is a man that is not schooled in the law; and is left to his own inadequate devices to put this memorandum in order, without the assistance or guidance from any counsel.

Accordingly, in determining the sufficiency of a *pro-se* petition, it is axiomatic that a court should construe it liberally, applying "less" stringent standards than when a Plaintiff is represent by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Therefore, in conjunction with Mr. JENNINGS' incarcerated status, he humbly prays that this court (liberally) determine this petition with a tolerant eye. *Id.*

## II. JURISDICTION

This Court should be on notice that Mr. JENNINGS in contesting the execution of his sentence. Therefore, this court is vested with jurisdiction to hear this request for a Writ of Habeas Corpus pursuant to Title 28 USC § 2244 and 2246. In addition, this Court has jurisdiction to entertain the merits of the allegations raised herein pursuant Title 28 U.S.C. § 2241, as per the Supreme Court's decision in *Dewey Jones v. United States*, 120 S. Ct. 1904 (2000) and as per the ORDER issued by the Third Circuit Court of Appeals on September 13, 2001 in light of the Supreme Court intervening

change the law in *Dewey Jones v. United States*, 120 S.Ct. 1904 (2000).

Moreover, requirements of the rules of procedures should be liberally construed and mere "technicalities" should "not" stand in the way of a court's consideration of a case on its merits. *Torres v. Oakland Scavenge Co.*, 487 U.S. 313, 316 (1986). Indeed, the Supreme Court has uniformly guided by the proposition tat Habeas Corpus should be available to afford relief to those persons who society has grievously wronged in light of modern concepts of justice. *Fay v. Noia*, at 440-41; *Stone v. Powell*, at 492, n.31. So, it is never too late for courts in Habeas Corpus proceeding to look straight through procedural screens in order to prevent forfeiture of life or liberty in flagrant defiance of the constitution. *Brown v. Allen*, 344 U.S. 443 (1953); *Sawyers v. Whitley*, 120 L.Ed.2d 269 (1992).

### III. PREVIEW

In Mr. JENNINGS case, it is alleged "that on December 29, 1998, Mr. Jennings and other members of the JCO Firebombed [Nathaniel] Gore's residence." This residence was a private residence dwelling for everyday family use which does not qualify as "property in commerce" as per the Supreme Court's definition in

3

*Dewey Jones v. United States,* 529 U.S. 848 (2000). Such a dwelling is not subject to federal prosecution under Title 18 USC § 844(i); as encompassing the arson of an owner occupied private residence. Title 18 USC § 844(i) made it a crime to damage or destroy "by means of fire or an explosive, any … property used interstate commerce or in any activity affecting interstate commerce." Not Mr. Gore's residence as alleged in the indictment.

## IV. PROCEDURAL HISTORY

1. On March 13, 1990 the Grand Jury in the Eastern District of Pennsylvania returned a Ninety-Two count indictment charging Mr. JENNINGS and thirteen other individuals with conspiracy to distribute cocaine base in violation of Title 21 U.S.C. § 846. Mr. JENNINGS was also charged with violating the Racketeering Influenced and Corrupt Organizations (RICO), in violation of Title 18 U.S.C. § 1962; in running a Continuing Criminal Enterprise, (CCE), Title 28 U.S.C. § 848; and other counts including traveling in an interstate to facilitate narcotics trafficking, distribution of cocaine, distribution of cocaine near a school, using a firearm in connection with a drug trafficking crime and arson, 18 U.S.C. § 844(i).

2. On December 10, 1991 Mr. JENNINGS was sentenced by the Court to a period of incarceration of 372 months.[1]

3. Mr. JENNINGS' was sentence and conviction was affirmed on appeal. *See United States v. Bennet,* 972 F. 2d 1532 (3rd Cir. 1992). His initial Title 28 USC § 2255 was denied on January 13, 1993.

4. On August 10, 2001 Mr. JENNINGS filed a motion requesting leave of court to file a Second or Successes Title 28 U.S.C. § 2255 alleging the intervening Supreme Court case in *Dewey Jones v. United State,* 120 S.Ct. 1904 (2000) which would grant him relief from the Title 18 U.S.C. § 844(i) convictions.

5. Although the Third Circuit denied the request for a Second or Successive petition since the petition did not meet the requirements of Title 28 U.S.C. § 2244, the Court did instruct Mr. JENNINGS to raise the issue "in the District Court of his confinement pursuant to 28 U.S.C. §2241." *Id.* Exhibit-A (The Third Circuit Court of Appeals instructed Mr. JENNINGS to attached a copy of that Order for this Court's review therefore establishing proper jurisdiction.)[2]

## V. LEGAL ARGUMENT

---

[1] The Court in this case was the Eastern District of Pennsylvania, the Honorable John P. Fullaw, United States District Judge.
[2] See also *In R .E.  Dorsainvil,* 119 F.3d 244 (3rd Cir. 1997); *Reyes Requena v. United States,* 243 F.3d 893 (5th Cir. 2001)

**A. *Dewey Jones v. United States*, 529 U.S. 848 (2000) and the Appropriateness of Title 28 U.S.C. § 2241**

Title 28 U.S.C. § 2241 states that "Writ of Habeas Corpus may be granted by the Supreme Court or any justice thereof, the District Court and any Circuit Judge within their respective jurisdiction to a prisoner in custody in violation of the constitution or laws or treaded of the United States." Moreover, Title 28 U.S.C. § 2241 maybe utilized by a Federal prisoner to challenged the legality of his ***conviction*** or sentence if he can satisfy the mandate of the so called Title 28 U.S.C. § 2255 "savings clause." *See Dorsainvil,* 119 F.3d 244(3rd Cir. 1997); *Reyes Resquena v. United States* 243 F.2d 893 (5th Cir. 2001) A claim presented on a second or successive motion under Title 28 U.S.C. § 2255 that was not presented in the prior application must be dismissed unless the applicant shows, *inter allia,* that the claim relies on a new rule of constitutional law that was previously unavailable and has been made retroactive to cases and collateral review by the Supreme Court. *See* Title 28 U.S.C. § 2255.

In a previous pleading, Mr. JENNINGS filed a motion requesting an authorization to file a second or successive Title 28 U.S.C. §

2255 in light of the Supreme of the Courts recent decision in *Dewey Jones v. United States,* 120 S.Ct. 1904 (2000).   Mr. JENNINGS requested permission to file a Title 28 U.S.C. § 2244 petition alleging the constitutionality of his conviction in light of the Supreme Courts decision in *Jones.* The Court directed Mr. JENNINGS to file a Title 28 U.S.C. § 2241 before this Court. In *Felker v. Turpin,* 135 L.Ed.2d 827 (1996) the Supreme Court considered the extent to which the (A.E.D.P.A.) established its own power to issue a Writ of Habeas Corpus. Title 28 U.S.C. § 2244 precluded the Supreme Court from reviewing by appeal for petition of Writ of Certiorari a judgment on an application for leave to file a second or successive Title 28 U.S.C. § 2255. Although Congress by the Antiterrorism and Effective Death Penalty Act attempted to amend the savings clause in Title 28 U.S.C § 2255, its still granted the authority to Federal Court's to grant release pursuant to Title 28 U.S.C. § 2241. It is Mr. JENNINGS' position that Title 28 U.S.C. § 2241 is the appropriate motion to test the "legality of his detention" as allowed by the Antiterrorism and Effective Death Penalty Act of 1996. *Id. Turpin.*

Furthermore, Title 28 U.S.C. § 2255 provides certain provisions that allow the challenging of Mr. JENNINGS conviction. Mr. JENNINGS situation is one that cannot be addressed pursuant to Title 28 U.S.C. § 2255. The Supreme Courts decision in *Dewey Jones v. United States,* 529 U.S. 848 (2000) was not decided at the time of Mr. JENNINGS trial, direct appeal and/or his first Title 28 U.S.C. § 2255 were completed. *See Dorsainvil,* 119 F.3d 244 (3rd Cir. 1997) were the court ruled tat there is no reason why a 2241 would not be available under these above circumstances and the same should apply in this instant case.

The Supreme Court rendered a decision in *Dewey Jones v. United States,* 529 U.S. 848 (2000). This opinion clarified the standards to be applied in determining whether a building is used in interstate commerce or in activity affecting intestate commerce within the meaning of the arson statute. The Court established that applying Title 18 U.S.C. 844(i) to personal residences was a substantive reach of the federal statute. It further determined that the application was a new rule of criminal procedures and thus could be applied retroactively. This decision affected directly Title

18 U.S.C. § 844(i) prosecutions as it applies to Mr. JENNINGS' counts of convictions.

Accordingly, the Antiterrorisms and Effective Death Penalty Act of 1996 does not allow Mr. JENNINGS to test the ***legality*** of his detention in light of the Supreme Court's position in *Dewey Jones.* Therefore, Title 28 U.S.C. § 2255 is inadequate to challenge the unconstitutional judgment Mr. JENNINGS is serving in light of the Supreme Courts decision in *Dewey Jones.* For comparison *See See Dorsainvil,* 119 F.3d 244(3rd Cir. 1997); *Rayes-Requeras,* 243 F. 3d at 905 (5th Cir. 2001)

Similarly, it has already been established by numerous courts that the decision by the Supreme Court in *Dewey Jones v. United States,* 529 U.S. 848 (2000) establishing the standards to be applied in determining whether a building is used in any interstate commerce or in activity affecting intestate commerce, within the meaning of the arson statute, establishes a substantive reach of the federal statute, rather than a new rule of criminal procedures and thus could be applied retroactively. See *United States v. Ryan,* 227 F.3d 1058 (8th Cir. 2000)( The Court of Appeals, Wollman, Chief Judge, held that: (1) decision by Supreme Court in *Jones v. United*

9

*States* regarding standard applied in determining whether building is used in interstate commerce or in activity affecting interstate commerce, within meaning of arson statute, established the substantive reach of a federal statute, rather than a new rule of criminal procedure, and thus could be applied retroactively); *United States v. Prevatte*, 300 F.3d 792 (7th Cir. 2002)(challenge based on intervening Supreme Court decision that narrowed scope of statute of conviction was non-frivolous one that warranted transfer to district court having jurisdiction over claim) *Id.*

All courts that have addressed the matter have decided this after reviewing the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288 (1999) in which the Court established that the application of *Dewey Jones* to post-conviction relief may be applied retroactively to cases that have become final.  The *Teague* theory applies when a Supreme Court announces "a new Constitutional Rule of Criminal Procedure" that generally bars applications to cases on collateral review. The Court, however, made clear that *Teague* "***does not apply in those cases in which the Court's determines the meaning of a criminal statute enacted by Congress, because such a decision involves a sustentative reach of Federal***

***Statute, not a new Rule of Criminal procedures.)*** The *Dewey*

*Jones v. United States,* 529 U.S. 848 (2000) ***clarified the meaning***

***of the federal statute*** rather than establishing a new rule of

criminal procedures and thus could be applied retroactively. *See*

*Schriro v. Summerlin,* 124 S. Ct. 2519, 2522-23 (2004) the Supreme

Court made it clear that decisions which narrow the scope of a

criminal statute by interpreting its terms, as *Jones* did, announced

new substantive rules and must therefore be applied retroactively

because they necessarily carry a significant risk that a defendant

faces a punishment tat the law can not otherwise impose upon him.

*Schriro, at 2522-23 See, also, Bousley v. United States,* 523 U.S.

614, 620-621 (1998) and *Saffle v. Parks,* 494 U.S. 484, 494-95

(1990). By this criterion *Jones* unquestionable announce a new

substantive rule, because the undeniable effect of *Jones* was to

narrow the scope of inter alia, 18 USC § 844 (i) as previously

interpreted. Therefore, in the instant case at bar the Petitioner can

claim that above, that the Supreme Court's recent decision in

*Jones, Supra,* does in fact apply retroactive to his case. The case is

analogous to Petitioner's case at bar. The court held in *Jones* that

arson of owner-occupied residence not currently used for any

commercial purpose held ***not to be subject to prosecution under 18 USC § 844 (i), because residence was not used in commerce or commerce-affecting activity.*** Therefore it made it a non-existent offense.

Moreover, in *Bousley v. United States,* 523 US 614, (1998), the Supreme Court held that the distinction between substance and procedure "is an important one in the Habeas Context. It further held that decisions of that court holding that a substantive federal criminal statute does not reach certain conduct, like decisions placing conduct "beyond the power of the criminal law-making authority to proscribe," *id.,* at 311, necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Citing Davis v. United States*, 417 US 333, 346 (1974). Accordingly, it would be inconsistent with the doctrinal underpinning of Habeas review to preclude Petitioner from relying on the ***Jones*** decision in support of his claim that his conviction was constitutionally invalid.

**B. Application Of *Dewey Jones v. United States*, 529 U.S. 848  (2000) To Mr. Jennings's Case**

Mr. JENNINGS was charged in violation of Title 18 U.S.C. § 844(i) in count 30 which held Mr. JENNINGS responsible ... "and analogous crime in Count One of the over act conspiracy of Act Twenty and of Count Two of the Racketeering Act No. 8(b). In context of the argument, Nathaniel Gore refused to allow Mr. JENNINGS to sell out of the residence located at 5801 Bruslt Road, unless Mr. JENNINGS paid him more money. It is alleged "that on the evening of December 29, 1998, Mr. JENNINGS and other members of the JCO firebombed Gore's residence." This residence was a private residence dwelling for everyday family use which does not qualify as "property in commerce" as per the Supreme Court definition in *Dewey Jones v. United States,* 529 U.S. 848 (2000). Such a dwelling is a not subject to federal prosecution under Title 18 U.S.C. § 844(i) as encompassing the arson of an owner occupied private residence. Title 18 U.S.C. § 844(i) made it a crime to damage or destroys "by means of fire or an explosive, any... property ***used interstate commerce or in any activity affecting interstate commerce.***" Not Mr. Gore's residence as alleged in the indictment.

This new interpretation of the federal statute and constitutional law rendering pre *Dewey Jones* defendants only one option to

13

obtain habeas corpus relief pursuant to Title 28 U.S.C. § 2241. *See e.g. Wofford v. Scott,* 177 F.3d 1326 (11th Cir. 1999), *In Re: Davenport,* 147 F.3d 605 (7th Cir. 1998), and *Triestman v. United Stated,* 124 F.3d 361 (2nd Cir. 1997). Also, the courts decision in *United States v. McClealland,* 941 F.2d 999 (9th Cir. 1991) gave jurisdiction to a new substantive change in the law with circumstances substantially similar to Mr. JENNINGS.

The Court in *McClealland,* instructed the jury, over the defenses objections, that the Government induced a Government Agent named Raybard to make an improper payment to him because of his position. On appeal, the Ninth Circuit affirmed the sentence and conviction.[3] However, in 1988 the En Banc Court of the Ninth Circuit determined that inducement is an essential element of the extortion. See *Unites States v. Aquon,* 851 F.2d 1158 (9th Cir. 1988). The courts determined that this opinion was contrary to the prior panel decision in *McClelland* and therefore, overruled that prior decision. Based on the *Aguon II,* McClelland petitioned the District Court to overturn is decision on the case. The District Court found that the proceedings of the extortion did not constitute a

---

[3] See *United States v. McClelland,* 731 F.2d 1438 (9th Cir. 1984).

fundamental error and did not vacate the conviction.  Based on the **new interpretation of the law** as per *Aguon II* findings, the Ninth Circuit Court of Appeals granted full retroactive effects to the failure to properly instruct the jury on the required elements of the charged offense. In similarity, the Supreme Court's decision establishing that Title 18 U.S.C. §844(i) does not apply to residences that do not affect interstate commerce, is applied retroactively to cases such as Mr. JENNINGS.

Finally, the United States Court of Appeals for the Third Circuit has explicitly granted Mr. JENNINGS the authority to raise the Title 28 U.S.C. § 2241 on the allegations of the issues presented herein. *See* Exhibit-D, Order directing Mr. JENNINGS to raise an *Dewey Jones* claim via a Title 28 U.S.C. § 2241 petition.

## CONCLUSION

WHEREFORE, Petitioner respectfully prays that this Court grant the relief from Mr. JENNINGS' conviction in Counts 30 for Title 18 U.S.C. § 844(i); in Count 1 the Conspiracy Overt Act 20, Count 2 Racketeering Act. 8(b) since they are not considerd violations of federal law in accordance with the Supreme Court decision in *Dewey Jones v. United State,* 120 S.Ct. 1904 (2000).

Done this _____, day of September 2007

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this ____ day of September 2007, I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

Respectfully submitted,

_____

Gabriel Jennings
Reg. 29156-053
USP Cannan
P.O. Box 300
Waymart, PA 18472

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY, that a true and correct copy of this Title 28 U.S.C. § 2241 was mailed to: A.U.S.A. Christian Hayes, 601 Market Street, Philadelphia, PA 19106 with sufficient First Class Postage.

Done this ____ of September 2007

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this ____ day of September 2007, I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

Gabriel Jennings
Reg. 29156-053
USP Cannan
P.O. Box 300
Waymart, PA 18472