IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABRIEL J. JENNINGS,**           ) | |
|             Petitioner,            ) | Civil Action No. 08-322 Erie |
|                                    ) | |
| v.                                 ) | |
|                                    ) | Magistrate Judge Susan Paradise Baxter |
| **FRANCISCO J. QUINTANA, et al.**  ) | |
|             Respondents.           ) | |

## OPINION AND ORDER[1]

Petitioner Gabriel J. Jennings is a federal inmate. At the time he commenced this proceeding he was incarcerated at the Federal Correctional Institution McKean, which is located within this district. Presently before this Court is his Petition For Writ Of Habeas Corpus, which he filed pursuant to 28 U.S.C. § 2241 [ECF No. 4 at pp. 1-6], and an accompanying 16-page memorandum [ECF No. 4 at pp. 7-23]. He challenges his 1991 conviction for arson under 18 U.S.C. § 844(i). Specifically, Jennings argues that his arson conviction should be vacated based on the Supreme Court's decision in <u>Jones v. United States</u>, 529 U.S. 848 (2000). Jennings also claims that if his arson conviction is voided, then his convictions for Conspiracy to Distribute Cocaine and violating the Racketeer Influenced and Corrupt Organizations Act should also be vacated.

For the reasons set forth below, the petition is dismissed with prejudice for abuse of the writ and because it is an improper successive habeas petition.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

**I.**

**A.** <u>**Relevant Background**</u>

On December 10, 1991, following a jury trial, the U.S. District Court for the Eastern District of Pennsylvania sentenced Jennings to a total term of imprisonment of 372 months, to be followed by 10 years of parole, on numerous criminal counts, including one for arson, in violation of 18 U.S.C. § 844(i). The U.S. Court of Appeals for the Third Circuit affirmed his convictions and sentences on July 16, 1992.

Jennings' first 28 U.S.C. § 2255 motion to set vacate, set aside or correct his sentence was denied in 1993. In 1997, he received authorization from the Third Circuit Court to file a second or successive § 2255 motion so that he could challenge his firearm convictions on the basis of <u>United States v. Bailey</u>, 516 U.S. 137 (1995). In a Memorandum and Order dated June 3, 1997, the Eastern District of Pennsylvania Court granted the § 2255 motion in part and denied it in part, such that all of Jennings' firearms convictions and sentences were vacated. The court denied his remaining claims.

Several years later, on May 22, 2000, the Supreme Court decided <u>Jones v. United States</u>, 529 U.S. 848 (2000), the case upon which Jennings now relies in support of his contention that his arson conviction should be vacated. The arson statute that Jennings was convicted under, 18 U.S.C. § 844(i), reads in relevant part:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property *used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce* shall be imprisoned for [sets forth term and fines].

(Emphasis added). In <u>Jones</u>, the issue before the Supreme Court was whether § 844(i) covers property occupied and used by its owner not for any commercial venture, but as a private residence. It held that such a dwelling place was not "used in … in activity affecting … commerce." Therefore, it concluded

2

that the defendant, who had been convicted under § 844(i) for setting fire to a home owned and occupied by his cousin as a dwelling place for everyday family living, had to be vacated. Jones, 529 U.S. at 851-58.

On September 8, 2000, a few months after Jones was decided, Jennings (who at the time was incarcerated at the U.S. Penitentiary in Florence, Colorado) filed his first petition for writ of habeas corpus pursuant to 28 U.C.S. § 2241. (Jennings v. Holt, No. 1:00-cv-01780 (D. Co.)). The record before this Court does not indicate what claims Jennings raised in that habeas action, and the documents filed in that case are not available for review on that court's electronic docket. All that this Court can glean from the available information is that on October 2, 2000, the District Court of Colorado denied Jennings' habeas petition.

A little more than two months later, on December 12, 2000, Jennings filed with the Third Circuit Court a motion for leave to file a second or successive § 2255 motion. [ECF No. 15-2 at pp. 2-4, Resp't Ex. 1, docket sheet in In Re: Jennings, No. 00-4257]. He raised issues related to his arson conviction, as well as several of his other convictions. On February 21, 2001, the Third Circuit Court issued an order in which it held, in relevant part:

> Jennings' application for certification to file a second or successive motion to vacate sentence under 28 U.S.C. Section 2255 is therefore denied without prejudice to his right to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241 to challenge his conviction under 18 U.S.C. Section 844(i), in light of Jones v. United States, 120 S.Ct. 1904 (2000), in the District Court in the district of his confinement. See In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997). We express no opinion on the merits of petitioner's Jones claim[.]

[ECF No. 15-2 at p. 4, Resp't Ex. 1, docket sheet in In Re: Jennings, No. 00-4257].

In accordance with the Third Circuit Court's directive, on June 25, 2001, Jennings (who at the time was incarcerated in the U.S. Penitentiary in Pollock, Louisiana) filed with the U.S. District Court for the Western District of Louisiana a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

3

[ECF No. 15-2 at pp. 7-52, Resp't Ex. 2, § 2241 habeas petition filed at Docket No. 01-cv-1194 (W.D. La.)]. In that habeas petition, Jennings raised numerous claims, including a claim based upon Jones. Specifically, in "Ground One" of his habeas petition, Jennings asked: "Does setting fire to private family dwelling prove jurisdiction element affecting interstate commerce as Jones requires?" He then argued that his trial court had erred in failing to instruct the jury that, in order to convict him of arson, it had to find "the building that was burned was 'being used in activity affecting interstate commerce.'" [ECF No. 15-2 at pp. 11-12, Resp't Ex. 2, § 2241 habeas petition filed at Docket No. 01-cv-1194 (W.D. La.)].

By Order dated July 11, 2001, the Western District Court of Louisiana transferred the case to the Third Circuit Court, on the basis that the petition was in actuality a second or successive § 2255 motion, which Jennings needed authorization from the Third Circuit Court to file.[2] [ECF No. 15-3 at pp. 2-4, Resp't Ex. 3, Transfer Order]. On September 13, 2001, the Third Circuit Court denied authorization to file a second or successive § 2255 motion. In that same Order, it also instructed that the application was denied without prejudice to Jennings' right to re-file his § 2241 habeas petition challenging his arson conviction in light of Jones. The court noted that it expressed no opinion on the merits of Jennings' Jones claim, and advised that he submit a copy of its order to the district court when he refiled his § 2241 habeas petition. [ECF No. 15-3 at p. 8, Resp't Ex. 4, 9/13/01 Order].

---

[2] 28 U.S.C. § 2255 permits a federal prisoner to challenge his sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). In contrast, "matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Such claims are properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241. Cradle, 290 F.3d at 538-39.

4

Several days later, Jennings filed a motion with the Western District Court of Louisiana to restart his habeas case. He attached the Third Circuit Court's September 13, 2001, Order and requested that the § 2241 habeas petition that he had previously filed with the court be ruled upon on the merits. (ECF No. 7 in Jennings v. United States, No. 1:01-cv-01194 (W.D. La.)).

On November 5, 2001, the Magistrate Judge to whom Jennings' case was referred issued a Report and Recommendation in which it was recommended that the § 2241 habeas petition be denied because it was in actuality a § 2255 motion, over which the court lacked jurisdiction. The Magistrate Judge expressly rejected Jennings' contention, which he also makes in the instant action, that he must be permitted to pursue his Jones claim in a habeas action under § 2241 because the remedy under § 2255 is inadequate and/or ineffective.[3] [ECF No. 15-3 at pp. 11-18, Resp't Ex. 5, 11/5/2001 Report and Recommendation in Jennings v. United States, No. 1:01-cv-01194 (W.D. La.)].

In his Objections to the Report and Recommendation, Jennings argued, as he does here, that he should be permitted to pursue his Jones claim in habeas under § 2241 because under the holding in that case he is actually innocent of arson. (ECF No. 9 in Jennings v. United States, No. 1:01-cv-01194 (W.D. La.)). On March 14, 2002, the Western District Court of Louisiana issued a Judgment in which it adopted the Report and Recommendation in full with supplemental analysis contained therein. The court concluded that Jennings had not shown that he satisfies the "savings clause" of § 2255 and

---

[3]  Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

5

therefore it could not review his § 2241 habeas petition, which it dismissed *with prejudice*. [ECF No. 15-3 at pp. 20-23, Resp't Ex. 6, 3/14/2002 Judgment].

Petitioner challenged the Western District Court of Louisiana's decision in an appeal he filed with U.S. Court of Appeals for the Fifth Circuit. On October 28, 2002, the Fifth Circuit Court issued a Judgment in which it affirmed the district court's decision. (See ECF No. 15 in Jennings v. United States, No. 1:01-cv-01194 (W.D. La.)). Jennings then filed a petition for writ of certiorari with the Supreme Court, which was denied on March 3, 2003. (ECF No. 16 in Jennings v. United States, No. 1:01-cv-01194 (W.D. La.)).

On August 1, 2003, Jennings returned to the Third Circuit Court and once again sought authorization to file a second or successive § 2255 motion. He reiterated his Jones claim, in addition to other claims regarding his sentencing and ineffective assistance of counsel. (See Jennings v. Holt, No. 08-4594, slip op. at 3-4 (3d Cir. May 7, 2009) (summarizing the details of an earlier case before it at In Re: Jennings, No. 03-325 (3d Cir.)). The court denied Jennings' request to file a second or successive motion because he did not meet the criteria prescribed by 28 U.S.C. §§ 2244 and 2255. It further advised:

> Our denial of relief is without prejudice to Jennings seeking a writ of error coram nobis in the district court in which he was convicted [the Eastern District of Pennsylvania] on the basis of Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904 (2000). We do not imply by this order that we believe that Jennings may be able to obtain coram nobis relief and, if so, whether Jones may provide a basis for it.

(10/21/2003 Order in In Re: Jennings, No. 03-325 (3d Cir.)). Neither the record before this Court nor the Eastern District Court of Pennsylvania's electronic docket indicate whether Jennings filed a writ of error coram nobis.

On August 17, 2005, Jennings filed another § 2241 habeas petition in the Western District Court of Louisiana, in which he once again challenged the validity of his arson conviction in light of Jones.

6

He again claimed that a § 2255 motion is inadequate and ineffective based on Jones. [ECF No. 15-4 at pp. 2-22, Resp't Ex. 7, habeas petition and memorandum of law in Jennings v. Menifee, No. 05-1483 (W.D. La.)]. In a Report and Recommendation dated January 24, 2006, the Magistrate Judge found that Jennings was raising the same Jones claims that he had raised in the first § 2241 habeas petition (which had been dismissed with prejudice). The Magistrate Judge recommended that Jennings' § 2241 petition be dismissed for abuse of the writ. [ECF No. 15-4 at pp. 25-28, Resp't Ex. 8, 1/24/2006, Report and Recommendation]. The district court adopted the Report and Recommendation and dismissed the § 2241 petition with prejudice. [ECF No. 15-4 at p. 30, Resp't Ex. 9, 4/24/06 Judgment].

On January 16, 2007, the Fifth Circuit Court affirmed the district court's decision. It held:

> Jennings challenges his arson conviction under Jones v. United States, 529 U.S. 848 (2000). He argues that the issue in his current petition is whether he was convicted of a nonexistent offense under Jones. He posits that he did not raise this same issue in his prior petition, where, he asserts, he claimed that the district court improperly instructed the jury.
> Based on our review of the record and Jennings's pleadings in his prior petition, both in the district court and on appeal, we conclude that Jennings raised the same challenge to his conviction based on the holding in Jones and the alleged lack of an interstate commerce element to his offense. This district court did not err by holding that Jennings's instant petition fails to raise a new issue and is an abuse of the writ. See U.S.C. § 2241(a); United States v. Tubwell, 37 F.3d 175, 177-78 (5th Cir. 1994).

Jennings v. Menifee, 214 F.App'x 406, 407 (5th Cir. 2007). The Supreme Court denied Jennings' petition for writ of certiorari on May 14, 2007. Jennings v. Menifee, 550 U.S. 950 (2007).

On September 17, 2007, Jennings filed a § 2241 habeas petition in the Eastern District Court of Pennsylvania in which he once again challenged his arson conviction in light of Jones. [ECF No. 15-5 at pp. 2-22, Resp't Ex. 10, § 2241 habeas petition and memorandum of law in Jennings v. Holt, No. 07-3852 (E.D. Pa.)]. In an Opinion and Order dated October 11, 2007, the court dismissed Jennings' § 2241 habeas petition. It held that his Jones claim "would be appropriate under § 2255, had he not already filed such a claim in the past. Because the petitioner has already brought one petition under § 2255

7

which was considered and denied on the merits, he cannot bring this 'second or successive' petition without first obtaining permission from the Court of Appeals." [ECF No. 15-5 at pp. 24-25, Resp't Ex. 11, 2/5/2009 Memorandum Opinion in Jennings v. Holt, No. 07-3852 (E.D. Pa.)].

Jennings filed an appeal with the Third Circuit Court. On May 7, 2009, the court issued an Opinion in which it dismissed the appeal under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. Jennings v. Holt, No. 08-4594, slip op. (3d Cir. May 7, 2009).

Notwithstanding the fact that he has failed several times in getting his arson conviction vacated, Jennings took another shot at such relief when he was incarcerated within this district by filing at least his third § 2241 habeas petition raising a Jones claim.[4] [ECF No. 4]. Significantly, however, in his petition he has failed to mention several important and dispositive facts, including: (1) he raised a Jones claim in two previous § 2241 habeas petitions he filed with the Western District Court of Louisiana; (2) that that court *dismissed both* petitions *with prejudice*; and (3) that the Fifth Circuit Court affirmed the district court's decisions on appeal.

**B.     Discussion**

Jennings' § 2241 habeas petition must be dismissed under the abuse of the writ doctrine, described by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). See also Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002). As explained in detail above, he previously raised his Jones claim in two § 2241 habeas petitions filed with the Western District Court of Louisiana. That court dismissed the claims with

---

[4]     Jennings filed his § 2241 petition *pro se*. Afterwards, Andrew Hirschhorn, Esq., entered his appearance as Jennings' counsel. On April 11, 2011, Attorney Hirschhorn filed a motion to withdraw. [ECF Nos. 27-28]. The Court shall rules on Jennings' § 2241 petition, which he filed himself, and dismiss Attorney Hirschhorn's motion as moot.

prejudice and the Fifth Circuit Court affirmed.  The petition is also subject to dismissal under 28 U.S.C. § 2244(a), which provides that a petition for writ of habeas corpus filed under § 2241 should be dismissed as successive if it raises issues that "either had been, or could have been, decided in" a previous habeas action.[5]  Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam).

**C.**		**Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

**II.**

For the foregoing reasons, the Petition For Writ Of Habeas Corpus is dismissed with prejudice.  An appropriate order follows.

---

[5]	28 U.S.C. § 2244(a) provides: "No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255."

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL J. JENNINGS,        ) | |
|     Petitioner,        ) | Civil Action No. 08-322 Erie |
|                              ) | |
|     v.        ) | |
|                              ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO J. QUINTANA        ) | |
|     Respondent.        ) | |

## ORDER

AND NOW, this 14th day of April, 2011;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED with prejudice. It is further ORDERED that the motion to withdraw as attorney [ECF Nos. 27 & 28] are DISMISSED as moot.

The Clerk of Courts is hereby directed to close this case.

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge

cc:    Notice by ECF to all counsel of record